IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KENNETH LEE GREGORY | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv627 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Kenneth Lee Gregory, an inmate confined in the Federal Bureau of Prisons, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes movant's objections should be overruled. Movant contends the court improperly applied § 4A1.2 of the Sentencing Guidelines when calculating his criminal history with respect to his four prior bank robberies. Movant argues that the robberies should have been grouped and treated as related for sentencing purposes. Movant asserts that the recent Supreme Court decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170

L.Ed.2d 490 (2008), and the Eighth Circuit decision in *Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010), require that relief be granted. The decisions in *Begay* and *Sun Bear* involved the determination of which crimes constitute crimes of violence for purposes of being classified as a career offender under § 4B1.1 of the Sentencing Guidelines. Additionally, in *Sun Bear*, the Eighth Circuit determined that the decision in *Begay* applies retroactively to cases on collateral review. Movant's argument, however, concerns the misapplication of the guidelines pertaining to grouping of related offenses under § 4A1.2 of the Sentencing Guidelines, not the determination of crimes of violence. Misapplication of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 544, 546 (5th Cir. 1995). Further, the issue could have been raised on direct appeal. Thus, movant's objections are without merit.

O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **28** day of **September, 2010.**

_____
Ron Clark, United States District Judge